**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5268**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN IVAN ANTHONY, a/k/a Van,

Defendant - Appellant.

---

**No. 05-5269**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLOS DEAN SCOTT, a/k/a Bink, a/k/a Binky,

Defendant - Appellant.

---

Appeals from the United States District Court for the Southern
District of West Virginia, at Bluefield.  David A. Faber, Chief
District Judge.  (CR-02-241)

---

Submitted:  September 15, 2006      Decided:  October 13, 2006

---

Before NIEMEYER, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

Troy N. Giatras, GIATRAS & WEBB, Charleston, West Virginia; Dennis H. Curry, Spencer, West Virginia, for Appellants.  Charles T. Miller, United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kevin Ivan Anthony (Appeal No. 05-5268) and Carlos Dean Scott (Appeal No. 05-5269) appeal their sentences imposed after resentencing,[*] on their convictions of one count each of conspiracy to distribute fifty grams or more of cocaine base and a quantity of hydromorphone, and distribution of five grams or more of cocaine base, and aiding and abetting same, in violation of 21 U.S.C. §§ 846, 841(a)(1) (2000) and 18 U.S.C. § 2 (2000), respectively (Anthony); and one count of conspiracy to distribute fifty grams or more of cocaine base and a quantity of hydromorphone, and three counts of distribution of five grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) (2000) and 18 U.S.C. § 2 (2000), respectively (Scott).  Following a resentencing hearing, the district court adopted its findings from the original sentencing hearing and imposed the same sentences it previously imposed.  The district court sentenced Anthony to 324 months' imprisonment, five years of supervised released, and ordered that he pay a $5000 fine.  The district court sentenced Scott to 360 months' imprisonment, five years of supervised release, and ordered that he pay a $5000 fine.  Anthony and Scott again appeal their

---

[*]This court previously affirmed Anthony's and Scott's convictions, but remanded their cases to the district court for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005), which case was decided after their original sentencing hearing. See United States v. Anthony, No. 03-4909 (4th Cir. Jul. 12, 2005) (unpublished).

sentences, challenging: (1) the standard of proof used by the district court; (2) the constitutionality and reasonableness of the use of the 100:1 crack/powder cocaine differential in sentencing; and (3) the district court's imposition of the same sentence previously imposed, and alleging that the district court's sentence resulted in unwarranted disparity, in violation of 18 U.S.C.A. § 3553(a)(6) (West 2000 and Supp. 2006). For the reasons set forth below, we affirm Anthony's and Scott's sentences.

Appellants first challenge the district court's application of a preponderance of the evidence standard of proof in resentencing. This assertion is without merit. See generally United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) ("Consistent with the remedial scheme set forth in Booker, a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines."); see also United States v. Gonzalez, 407 F.3d 118, 125 (2d Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); United States v. Tabor, 439 F.3d 826, 830 (8th Cir. 2006).

Next, Appellants challenge the constitutionality and reasonableness of the 100:1 crack/powder cocaine differential in the advisory guidelines in the wake of Booker. We find Appellants' equal protection challenge to be without merit. See, e.g., United States v. Castillo, ___ F.3d ___, 2006 WL 2374281 (2d Cir. Aug. 16, 2006). Moreover, as we previously have held, a sentencing court

- 4 -

may not properly substitute its view of an appropriate ratio between crack cocaine and powder cocaine for that determined by Congress.  United States v. Eura, 440 F.3d 625, 633 (4th Cir. 2006), petition for cert. filed, June 20, 2006 (No. 05-11659).  We decline Appellants' invitation to revisit our decision in Eura.  The district court here did not err in refusing Appellants' request to substitute its own ratio for that set forth in the advisory guidelines.  Id.

Appellants also contend that the district court erred by applying a "*de facto* mandatory Guidelines standard" in resentencing them to the same sentence.  During the resentencing hearing, the district judge clearly and accurately enunciated this court's directive on remand, as well as its statutory and legal obligations in resentencing Appellants, considered the arguments of counsel, and decided that its original findings did not need to be altered.  We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range.  United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).  As Appellants' sentences are within the properly calculated advisory guideline range, they are presumptively reasonable, see United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006), and we find Appellants' conclusory assertions on appeal to be insufficient to overcome that presumption.

Finally, Appellants contend that the sentences imposed on them by the district court resulted in "unwarranted disparity" in contravention of § 3553(a)(6), as compared to those sentences imposed on co-defendants in the same prosecution. Merely noting that co-defendants received lesser sentences is insufficient to establish an unwarranted sentencing disparity, which renders a within-Guidelines sentence unreasonable. See United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006). The district court properly rejected Appellants' claim of disparity, as the characteristics and circumstances of these individual Defendants and the application of the advisory guidelines and § 3553(a) factors to them produced the disparity, the disparity was not unwarranted, and Appellants have failed to demonstrate error by the district court in sentencing.

Accordingly, we affirm Anthony's and Scott's sentences. Because the district court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the relevant § 3553(a) factors, we find their sentences to be reasonable. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED